TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MATTHEW J. ROSENBAUM (Cal. Bar No. 319700)
Assistant United States Attorney
International Narcotics, Money Laundering,
and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4896
     Facsimile: (213) 894-0141
     E-mail:   matthew.rosenbaum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-141-VAP |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CHRISTOPHER JESPERSEN |
| v. | |
| CHRISTOPHER JESPERSEN, | |
| Defendant. | |

     1.   This constitutes the plea agreement between Christopher
JESPERSEN ("defendant") and the United States Attorney's Office for
the Central District of California ("the USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authority.

                    DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to counts one and

three of the indictment in <u>United States v. JESPERSEN</u>, CR No. 21-141-VAP, which charge defendant with Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) (count one), and Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) (count three).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may

1    consider any dismissed charges in determining the applicable

2    Sentencing Guidelines range, the propriety and extent of any

3    departure from that range, and the sentence to be imposed.

4         d.   At the time of sentencing, provided that defendant

5    demonstrates an acceptance of responsibility for the offenses up to

6    and including the time of sentencing, recommend a two-level reduction

7    in the applicable Sentencing Guidelines offense level, pursuant to

8    U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

9    additional one-level reduction if available under that section.

10        e.   Except for criminal tax violations (including

11   conspiracy to commit such violations chargeable under 18 U.S.C.

12   § 371), not further criminally prosecute defendant for violations of

13   18 U.S.C. § 1028A or 21 U.S.C. §§ 846, 841(a)(1) arising out of

14   defendant's conduct described in the agreed-to factual basis set

15   forth in paragraph 15 below.  Defendant understands that the USAO is

16   free to criminally prosecute defendant for any other unlawful past

17   conduct or any unlawful conduct that occurs after the date of this

18   agreement.  Defendant agrees that at the time of sentencing the Court

19   may consider the uncharged conduct in determining the applicable

20   Sentencing Guidelines range, the propriety and extent of any

21   departure from that range, and the sentence to be imposed after

22   consideration of the Sentencing Guidelines and all other relevant

23   factors under 18 U.S.C. § 3553(a).

24                          NATURE OF THE OFFENSES

25        4.   Defendant understands that for defendant to be guilty of

26   the crime charged in count one, that is, Conspiracy to Distribute

27   Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), the

28   following must be true: (1) there was an agreement between two or

more persons to distribute fentanyl; and (2) the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5.   Defendant understands that for defendant to be guilty of the crime charged in count three, that is, Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), the following must be true: (1) the defendant knowingly possessed fentanyl; and (2) the defendant possessed it with the intent to distribute it to another person.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below with respect to count three, the government must prove beyond a reasonable doubt that defendant possessed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl. Defendant admits that defendant, in fact, possessed at least 400 grams of a mixture or substance containing a detectable amount of fentanyl, as described in count three of the indictment.

<u>PENALTIES</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C) is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss

resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $11,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

10.   Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) is: 10 years' imprisonment, followed by a five-year term of supervised release, and a mandatory special assessment of $100.

11.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

5

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

14.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty

1  regardless of any immigration consequences that his pleas may entail,

2  even if the consequence is automatic removal from the United States.

3                                 FACTUAL BASIS

4      15.  Defendant admits that defendant is, in fact, guilty of the

5  offenses to which defendant is agreeing to plead guilty.  Defendant

6  and the USAO agree to the statement of facts provided below and agree

7  that this statement of facts is sufficient to support pleas of guilty

8  to the charges described in this agreement and to establish the

9  Sentencing Guidelines factors set forth in paragraph 17 below but is

10  not meant to be a complete recitation of all facts relevant to the

11  underlying criminal conduct or all facts known to either party that

12  relate to that conduct.

13      On or about November 19, 2019, in Los Angeles County, within the

14  Central District of California, defendant knowingly and intentionally

15  possessed with intent to distribute approximately 921.7 grams of a

16  mixture and substance containing a detectable amount of fentanyl and

17  approximately 1,991 grams of a mixture and substance containing a

18  detectable amount of cocaine.  At all relevant times, defendant knew

19  that he possessed fentanyl and cocaine, and he intended to distribute

20  that fentanyl and cocaine to another person.

21      Specifically, in early November 2019, defendant negotiated to

22  sell approximately 1 kilogram of fentanyl and approximately 2

23  kilograms of cocaine to a drug customer who, unbeknownst to

24  defendant, was a confidential informant ("CI") working on behalf of

25  the government.  After negotiating the price and details of the sale,

26  on November 19, 2019, defendant met with the CI in Downey,

27  California, and defendant then showed the CI a bag containing

28  substances later determined to be fentanyl and cocaine.  The bag was

1   subsequently seized by law enforcement, and the contents were tested
2   and confirmed to contain approximately 921.7 grams of fentanyl and
3   approximately 1,991 grams of cocaine.

4       Separate from and in addition to defendant's drug dealing as
5   detailed above, beginning no later than April 2019, and continuing
6   through at least on or about March 26, 2020, in Los Angeles and
7   Orange Counties, and elsewhere, defendant, also known as "AC,"
8   conspired and agreed with his co-conspirators to distribute fentanyl
9   to online customers via email and darknet marketplaces.  Defendant
10  joined the agreement knowing of its purpose and intending to help
11  accomplish that purpose.

12      The conspiracy that defendant organized and led was responsible
13  for (1) obtaining drugs, including fentanyl, (2) selling those drugs
14  on the darknet or via email in exchange for cryptocurrency, and
15  (3) sending the drugs to customers around the world using the United
16  States Postal Service and other shipping services.  At all relevant
17  times, defendant knew that he and his co-conspirators were shipping
18  fentanyl to customers who had placed orders through the "El Senor de
19  Los Cielos" darknet vendor account or through the email account
20  elch3ma@protonmail.com.

21      In connection with his role in the conspiracy, beginning no
22  later than April 2019, defendant and co-conspirators maintained the
23  vendor account "El Senor de Los Cielos," which they used to solicit
24  customers and sell fentanyl and other drugs on a darknet marketplace
25  called Silk Road 3.1.  Defendant and co-conspirators also operated
26  the email account elch3ma@protonmail.com, which they used to
27  facilitate their distribution of fentanyl.  Defendant served as the
28  primary source of fentanyl supply for orders placed via the "El Senor

de Los Cielos" vendor account and the "elch3ma@protonmail.com" email address.  Defendant and his co-conspirators accepted orders for fentanyl from customers ordering through the "El Senor de Los Cielos" vendor account or the "elch3ma@protonmail.com" email address, and accepted payment for those orders in digital currency, including bitcoin.  Defendant and co-conspirators then packaged and delivered those fentanyl parcels to post offices and postal mailboxes in Los Angeles and Orange Counties for shipment to customers across the United States.

Defendant served as an organizer of street sales of fentanyl, negotiating pricing and working with other individuals to coordinate the procurement and distribution of fentanyl from multiple suppliers. Defendant also served as an organizer and leader of the conspiracy to ship fentanyl via the "El Senor de Los Cielos" vendor account and the elch3ma@protonmail.com email account.  Specifically, in addition to organizing, maintaining, and operating the "El Senor de Los Cielos" vendor account and the elch3ma@protonmail.com email account alongside his primary co-conspirator, defendant also directed and paid (with money or drugs) three individuals to help fulfill online drug orders by packaging or dropping off parcels containing fentanyl or other illegal drugs at various post offices or postal mailboxes.

In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendant and his co-conspirators committed various overt acts in Los Angeles and Orange Counties, and elsewhere, including, but not limited to, the following:

- Prior to April 17, 2019, defendant and co-conspirators created and maintained the "El Senor de Los Cielos" vendor account on Silk Road 3.1, which they used to solicit and

9

fulfill orders for fentanyl and other drugs to numerous online customers.

- On or about July 1, 2019, defendant, using a fake identification in the name of J.V., opened an account registered to elch3ma@protonmail.com at Coinbase, a virtual currency exchange.

- On or about October 23, 2019, defendant mailed a parcel containing approximately 1.04 grams of fentanyl at the Santa Fe Springs Post Office.

- On or about December 18, 2019, and December 19, 2019, using the elch3ma@protonmail.com email account, defendant and co-conspirators accepted a fentanyl order from customer K.S., and arranged for a parcel containing fentanyl to be shipped to K.S. in Seattle, Washington.

- On or about February 22, 2020, using the elch3ma@protonmail.com email account, defendant and co-conspirators accepted an order for fentanyl from a person defendant believed to be K.S. but who was, in actuality, a United States Postal Inspection Service investigator.  In exchange for payment via bitcoin, defendant and co-conspirators then packaged and shipped a parcel containing approximately 1.25 grams of a mixture and substance containing fentanyl to a person defendant believed to be K.S.

- On or about March 18, 2020, using the elch3ma@protonmail.com email address, defendant accepted an order for fentanyl sent by a person defendant believed to be a customer but who was, in actuality, an undercover FBI employee.  On or about March 19, 2020, after receiving a bitcoin payment from the FBI

10

employee, defendant and co-conspirators packaged and shipped a parcel containing fentanyl to the FBI employee.

- On or about March 18, 2020, and March 19, 2020, using the elch3ma@protonmail.com email account, defendant accepted an order for fentanyl from a customer, and shipped a parcel containing approximately 2.79 grams of fentanyl to the customer in Tennessee.

- On or about March 19, 2020, in exchange for payment, a co-conspirator drove defendant's car to a post office in Santa Fe Springs and dropped off a parcel for shipment containing approximately 11 grams of fentanyl.

- On or about March 26, 2020, in exchange for payment, an additional co-conspirator drove defendant's car from defendant's home to a post office in Santa Fe Springs, and dropped off a parcel containing approximately 2.84 grams of fentanyl to be shipped to a customer in Illinois.

In all, given the volume of customer orders, defendant admits that he and his co-conspirators distributed at least 400 grams through the "El Senor de Los Cielos" darknet vendor account and the email account elch3ma@protonmail.com.  Defendant admits that it was reasonably foreseeable to him that he and his co-conspirators would distribute at least 400 grams of fentanyl in furtherance of the conspiracy and over the course of defendant's involvement in the conspiracy.

Finally, on or about February 23, 2021, in his home in Santa Fe Springs, defendant knowingly and intentionally possessed with intent to distribute approximately 83.5 grams of fentanyl.  Defendant possessed this fentanyl packaged in individual baggies for

distribution.  Defendant knew that the substance he possessed at his home was fentanyl, and he intended to distribute that fentanyl to another person.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

17.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

COUNT ONE:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. § 2D1.1(a)(5), (c)(5) |

COUNT THREE:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. § 2D1.1(a)(5), (c)(5) |

ADJUSTMENTS:

| | | |
|---|---|---|
| Mass-Marketing by Means of an Interactive Computer Service | +2 | U.S.S.G. § 2D1.1(b)(7) |
| Aggravating Role | At least +2 | U.S.S.G. § 3B1.1 |

The government reserves the right to argue that a 4-level aggravating role enhancement applies under U.S.S.G. § 3B1.1.  Additionally, defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

18.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).  However, defendant agrees not to argue that his case satisfies the safety valve criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, because defendant was an organizer or leader of others involved in the offense under 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(4).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

        g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

        h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

21.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

WAIVER OF APPEAL AND COLLATERAL ATTACK

22.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

24.   This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

1

EFFECTIVE DATE OF AGREEMENT

2       27.  This agreement is effective upon signature and execution of

3  all required certifications by defendant, defendant's counsel, and an

4  Assistant United States Attorney.

5

BREACH OF AGREEMENT

6       28.  Defendant agrees that if defendant, at any time after the

7  signature of this agreement and execution of all required

8  certifications by defendant, defendant's counsel, and an Assistant

9  United States Attorney, knowingly violates or fails to perform any of

10  defendant's obligations under this agreement ("a breach"), the USAO

11  may declare this agreement breached.  All of defendant's obligations

12  are material, a single breach of this agreement is sufficient for the

13  USAO to declare a breach, and defendant shall not be deemed to have

14  cured a breach without the express agreement of the USAO in writing.

15  If the USAO declares this agreement breached, and the Court finds

16  such a breach to have occurred, then: (a) if defendant has previously

17  entered guilty pleas pursuant to this agreement, defendant will not

18  be able to withdraw the guilty pleas, and (b) the USAO will be

19  relieved of all its obligations under this agreement.

20       29.  Following the Court's finding of a knowing breach of this

21  agreement by defendant, should the USAO choose to pursue any charge

22  that was either dismissed or not filed as a result of this agreement,

23  then:

24       a.  Defendant agrees that any applicable statute of

25  limitations is tolled between the date of defendant's signing of this

26  agreement and the filing commencing any such action.

27       b.  Defendant waives and gives up all defenses based on

28  the statute of limitations, any claim of pre-indictment delay, or any

17

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 17 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein and in any contemporaneous agreement or addendum signed by all parties, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2       34.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    TRACY L. WILKISON
     United States Attorney

9

10   _____        12/1/2021
     MATTHEW J. ROSENBAUM                    Date
11   Assistant United States Attorney

12                                           11/29/2021
     _____        Date
13   CHRISTOPHER JESPERSEN
     Defendant
14                                           11/29/2021
     _____        Date
15   JOHN HANUSZ
     Attorney for Defendant
16   CHRISTOPHER JESPERSEN

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          11/29/2021
CHRISTOPHER JESPERSEN                        Date
Defendant

21

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CHRISTOPHER JESPERSEN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____            11/29/2021
John Hanusz                                 _____
Attorney for Defendant                      Date
CHRISTOPHER JESPERSEN